**BLACK RADIO NETWORK, INC., a New York Corporation and News Transmission Service, Inc., a New York Corporation, Plaintiffs,**

Phone Programs, Inc., a New York Corporation, Accurate Info Ltd., a Florida Limited Partnership, Fonawin Corporation, a New York Corporation, ICN Ltd., a Florida Limited Partnership, Accufon Corp., a Delaware Corporation, Meganews, Inc., Statistical Phone Philly, a Connecticut Partnership, 8484 Associates, a Connecticut Partnership, 3232 Associates, a New York Partnership, Eric Singleton, doing business as "Phone Service", Anthony Colangelo, Telsel, Inc. and Walter H. Boxer, succeeded by Dynatech Communications, Inc., a New York Corporation, Plaintiffs–Appellants,

v.

**NYNEX CORPORATION, a Delaware Corporation, New York Telephone Company, a New York Corporation and Does 1 Through 25, Defendants–Appellees.**

Nos. 00–9283LEAD, 00–9343CON, 00–9343CON, 00–9363CON, 00–9403CON.

United States Court of Appeals, Second Circuit.

July 16, 2001.

Eric L. Chase, Bressler, Amery & Ross, New York, NY, for Phone Programs, Inc.

Harriette N. Boxer, New York, NY, for Walter H. Boxer & Dynatech Communications, Inc.

Karen S. Burstein, New York, NY, for Statistical Phone Philly, Eric Singleton, and Anthony Colangelo.

Guy Miller Struve, Davis Polk & Wardwell; Thomas P. Ogden, Nancy B. Ludmerer, Timothy P. Harkness, Helen Harris, and Brian S. Weinstein, on the brief, and Robert Ernst, New York, NY, for appellees.

Present FEINBERG, LEVAL and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants appeal from the district judge's dismissal of their claims as time barred. Plaintiffs' claims arose out of defendants' switch from one telephone system to another in September 1990 (the "Ericsson Cutover"), which affected the call volume to certain telephone numbers through which plaintiffs provided information in return for a toll charge.

■■■ Defendants moved for summary judgment in the district court on the ground that plaintiffs' claims were time barred under what defendants described as a two year limitations period for plaintiffs' federal claims, and a three year limitations period for plaintiffs' state law claims.[1] Plaintiffs opposed the motion, principally contending that they were put on notice of their claims against defendants only after June 4, 1993, which was three years before the filing of the first of the consolidated actions in this appeal. The district court correctly rejected this argument. A limitations period starts to run not when a plaintiff learns that there has been a breach of a legal duty, but rather when a plaintiff learns of the "critical facts of injury and causation." *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir.1998). Plaintiffs had notice of the critical facts of their injury and its cause more than three years before the filing of the first actions in June 1996. Indeed, the district court rightly found that plaintiffs were or should have been on notice of the critical facts of their injury and its cause from almost immediately after the cutover in September 1990. At that time, plaintiffs (or their predecessors) knew about the drop in call volumes and knew that the drop-off coincided with the Ericsson Cutover.

We also reject plaintiffs' contention that the limitations period was tolled by defendants' alleged fraudulent concealment. Plaintiffs have failed to show either that they were prevented from learning the

---

1. At oral argument, counsel for the appellees notified the Court that one plaintiff who has failed to prosecute an appeal argued to the district court that the appropriate limitations period for its state law claims was six years rather than three years. Because none of the appellants who are before us argued this point to the district court, we need not decide whether the proper state limitations period is three years or six years.

critical facts of their injury and its cause, or that they relied to their detriment on defendants' allegedly fraudulent statements.

We have considered all appellants' arguments and find them to be without merit, substantially for the reasons given by the district court. Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.